IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAJAK ENGINEERING, LTD. | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | C.A. NO.: 4:14-CV-02778 |
| | § | |
| ECOPETROL AMERICA, INC. | § | |
|     DEFENDANT. | § | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIM FOR DECLARATORY JUDGMENT WITH BRIEF IN SUPPORT**

Pajak Engineering Ltd. ("Pajak") files this Motion to Dismiss Defendant Ecopetrol America Inc.'s ("EAI") Amended Counterclaim for Declaratory Judgment with Brief in Support, pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff reasserts its motion to dismiss Defendant's counterclaim for declaratory judgment because the same legal issues and facts asserted by EAI are already before this Court as part of Pajak's breach of contract lawsuit and/or have been asserted in EAI's affirmative defenses.

### I.    STATEMENT OF ISSUES FOR THE COURT

1.    Whether EAI's amended counterclaim for declaratory judgment, filed on March 13, 2015 as part of Defendant's First Amended Answer and Counterclaim ("Amended Answer and Counterclaim"), does no more than seek the resolution of issues that will be resolved as part of the breach of contract claims asserted by Plaintiff Pajak.

2.    Whether EAI's amended counterclaim for declaratory judgment, filed under 28 U.S.C. §§2201 – 2202, should be dismissed for failure to state a claim upon which relief can be granted, in accordance with FED. R. CIV. P. 12(b)(6).

## II. NATURE AND STAGE OF PROCEEDING

3. On October 29, 2014 Plaintiff Pajak filed its Original Complaint against Defendant EAI for breach of contract in connection with a Master Service Agreement ("MSA") under which Pajak performed services for which it has not been paid. EAI filed an Answer and Counterclaim on December 3, 2014, seeking a declaratory judgment in response to which Pajak filed a motion to dismiss Ecopetrol's counterclaim for declaratory judgment.

4. As allowed by the Court's Scheduling and Docket Control Order dated December 17, 2014, on February 19, 2015 Pajak filed its First Amended Complaint ("Amended Complaint") in which it added a claim, in the alternative, for quantum meruit. Defendant filed its Amended Answer and Counterclaim again requesting a declaratory judgment to determine the parties' respective rights and obligations under the MSA.

5. Pajak respectfully requests that EAI's counterclaim for declaratory judgment be dismissed for failure to state a claim, because it adds nothing to the case. In fact, the same issues will be decided by the Court in determining the merits of Pajak's breach of contract case.

6. This case is set for a non-jury trial, with a docket call on December 18, 2015. The parties have initiated written discovery and are currently scheduling depositions.

### A. PAJAK'S ALLEGATIONS:

7. Pajak alleges that it provided the following Project Management Services for Ecopetrol, S.A. ("ESA") in Columbia: (a) reviewing and analyzing of ESA's existing technical data; (b) studying of equipment employed by ESA and field operations; (c) providing proposals from the analysis; and, (d) advising ESA on how to implement proposals. (Amended Complaint, p.3, ¶ 9 & MSA attached as Exhibit "A" thereto). The MSA was signed by Jose Vicente Velasco, as representative of EAI (Exhibit A to Complaint, MSA, p. 15). EAI was ultimately

responsible for paying Pajak's invoices for services rendered under the terms of the MSA. (Exhibit A to Amended Complaint, MSA, ¶¶ 1.1, 3.1).

8. The terms of the MSA provided that the services performed by Pajak under the MSA "may be for the benefit of the Company's parent company, Ecopetrol S.A., and/or its Affiliates." (Exhibit A to Amended Complaint, MSA, ¶ 1.2). The consulting services under the MSA were performed in Colombia, and required Pajak representatives and employees to work closely with ESA representatives and employees in Colombia (Amended Complaint, pp. 4-6).

9. Pajak rendered services under the MSA for which it was never paid. EAI's refusal to pay invoices totaling $994,608.00 constitutes a breach of that contract, for which Pajak seeks damages, including attorney's fees, costs and pre/post judgment interest. Pleading in the alternative, Pajak seeks quantum meruit damages for services rendered to EAI and/or its parent company, ESA (Amended Complaint, pp. 9-10).

### B. EAI'S ALLEGATIONS:

10. EAI's Amended Answer and Counterclaim states that Pajak "did not satisfy Pajak's obligations under the MSA," (Amended Answer & Counterclaim, p. 6-7). EAI contends that on May 22, 2014, it notified Pajak that:

- EAI disputes the Pajak Invoices;

- Pajak had breached its warranty with respect to the Phase I Report; and

- EAI elected to cancel and terminate the MSA with respect to the remaining Services. (*See* Amended Answer & Counterclaim, p. 8, ¶65).

11. EAI's amended counterclaim is a request for declaratory judgment under the federal Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), seeking a judicial declaration that:

- The MSA is a valid, express contract that exclusively addresses the relationship between EAI and Pajak concerning the rendering of services;

- The services reflected in the January 6 Invoices were not undertaken for EAI's benefit, and EAI *did not benefit from any of the services* reflected in the January 6 Invoices (*emphasis added*);

- Pajak failed to perform its obligations under the MSA;

- Pajak's failure to perform its obligations under the MSA constitutes a breach of the Contractor's Warranty under MSA paragraph 5;

- EAI validly terminated the MSA in accordance with its terms and that the MSA is no longer of any force and effect;

- The Pajak Invoices are ineffective for any purposes;

- EAI has not breached the MSA; and

- EAI is not obligated to Pajak for any services Pajak claims to have performed in connection with the MSA. (*See* Amended Answer & Counterclaim, pp. 8-9).

12. EAI's Counterclaim for declaratory judgment adds nothing to the pending lawsuit and should be dismissed because: (1) the declaratory judgment claim contains legal issues and facts that will already be decided by this Court by virtue of the Plaintiff's breach of contract action; and/or (2) the affirmative defenses raised by EAI already address the same issues.

### III. ARGUMENTS AND AUTHORITIES

A. **RULE 12(B)(6) STANDARD**:

13. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a claim if the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under FED. R. CIV. P. 8(a)(2), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, a counterclaim must contain sufficient factual allegations, which if accepted as true, will state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *American Equipment Co.,*

*Inc. v. Turner Bros. Crane and Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720, at *3 (S.D. Tex. July 14, 2014).

14. To satisfy the "plausibility requirement" the plaintiff must plead more than a sheer possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 555. Although a court must assume the truth of the factual allegations, it need not accept naked assertions that are devoid of further factual enhancement. *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir. 2007) (*quoting Twombly*, 550 U.S. at 555). It is generally insufficient for a plaintiff to offer legal conclusions couched as factual allegations, which do no more than state a "mere possibility of misconduct." *Ashcroft,* 556 U.S. at 679.

### B. DECLARATORY JUDGMENT STANDARD:

15. Defendant EAI brought its counterclaim against Pajak as a declaratory judgment claim. 28 U.S.C. §2201. The Declaratory Judgment Act (the "Act") provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). The Act is designed to afford parties who have no satisfactory remedy, but whom are threatened with liability, an early adjudication of an actual controversy. *American Equipment Co.*, 2014 WL 3543720, at *3 (*citing Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990)). Courts are given broad discretion in deciding whether to accept or reject a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

16. Courts generally consider two principle factors when deciding whether to accept or reject a request for declaratory judgment: (1) will the judgment serve to clarify and settle the legal issues, and (2) will it afford relief from "the uncertainty, insecurity, and controversy giving

rise to the proceeding." *American Equipment Co.*, 2014 WL 3543720, at *3 (*quoting Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir. 1993)). Courts should exercise discretion and dismiss a declaratory judgment counterclaim when it seeks relief that is duplicative or redundant of the claims already presented to the court. *Andypolo L.P. v. Caravan Rug Corp.*, No. H-12-3556, 2014 WL 4273886, at *14 (S.D. Tex. Aug. 28, 2014). In the Rule 12(b)(6) motion to dismiss context, the Fifth Circuit regularly rejects declaratory judgment claims that mirror matters that will be resolved as part of the claims already being litigated in the lawsuit. *Sanijet Corp. v. Lexor Int'l, Inc.*, 2008 WL 2201451, at *3 (N.D. Tex. May 15, 2008).

17. A declaratory judgment action is properly dismissed when it does no more than seek the resolution of issues that will be resolved as part of the claims in the lawsuit or simply restate affirmative defenses, *see, e.g.*, *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.,* No. 4:12-CV-1759, 2012 WL 6569774, at *3 (S.D. Tex. Dec. 17, 2012) (dismissing declaratory judgment counterclaim that was mirror image of Complaint); *Regus Mgmt. Grp., LLC v. Int'l Bus. Mach. Corp.*, No. 3:07-CV-1799-B, 2008 WL 2434245, at *2 (N.D. Tex. June 17, 2008) (dismissing declaratory judgment claim that was unnecessary and repetitive); *Xtria, LLC v. Traking Sys., Inc.*, No 3:07-CV-0160, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007). (dismissing declaratory judgment claim because it had the same effect as existing breach of contract claim); *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No 3:05-CV-1883-P, 2006 WL 2285575, at *3 (N.D. Tex., Aug. 9, 2006) ("a motion for declaratory judgment that merely restates that party's affirmative defenses is insufficient . . . ."); *Albritton Properties v. Am. Empire Surplus Lines*, No. 3:04-CV-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (counterclaim for declaratory judgment dismissed because it had no greater ramifications than the original lawsuit).

### C. NO FUTURE RIGHTS OR OBLIGATIONS ARE AT ISSUE:

18.     The case at bar does not involve the determination of ongoing or future duties of the parties under a contract, because it is undisputed that the MSA was terminated on or about May 22, 2014 (Amended Answer and Counterclaim, p. 8, ¶65). *See, e.g. 5436, LLC v. CBS Corp.*, No. H-08-3097, 2009 WL 3378379, at **15-17 (S.D. Tex. Oct. 16, 2009) (denying motion to dismiss counterclaim for declaratory judgment where declaratory relief sought to define the ongoing and future duties of the parties under governing contract that required clean-up and remediation). Moreover, this is not a case involving an insurance agreement about which coverage obligations are at issue. *See, e.g., Trammel Crow Residential Co., v. Va. Surety Co., Inc.*, 643 F. Supp.2d 844, 856 (N.D. Tex. 2008) (insured's declaratory judgment claim to determine insurance carrier's continuing duty to defend underlying lawsuit under CGL policy was not duplicative of breach of contract claim concerning insurer's past breach). In fact, in its Amended Answer and Counterclaim, EAI acknowledges that it terminated the MSA. (Amended Answer and Counterclaim, p.8, ¶ 65).

19.     In *American Equipment*, the court granted a motion to dismiss a defendant's counterclaim for declaratory judgment in a breach of contract case, concluding that the court would consider the same evidence and defenses in deciding the merits of the plaintiff's breach of contract claim. 2014 WL 3543720 at **4-5. The court rejected the defendant / counterclaimant's argument that the issue of whether it was required to indemnify the plaintiff, when there was no indemnity for concurrent negligence, was not properly the subject of a declaratory judgment. *Id.* at **2-3, *5. Similarly, in *Regus Management Group*, the court granted a Rule 12(b)(6) motion to dismiss defendant IBM's counterclaim for declaratory judgment to determine rights and obligations under a contract, finding that those same issues would be addressed within Regis Management Group's breach of contract action. 2008 WL 2434245 at **3-4. Specifically, the

court determined that Regus' post-termination payment obligations under the same contract would be decided as part of IBM's breach of contract claim. Thus, the declaratory judgment counterclaim was redundant and added nothing to the original claim. *Id*. at *3.

20. As was the case in both *American Equipment* and *Regus Management Group*, EAI's declaratory judgment claims are no more than issues that will be decided by this Court as part of Pajak's breach of contract action. The issues between the parties involve a factual dispute concerning services performed under the MSA, and the amount of money due for those services. The declaratory judgment action adds nothing to Pajak's lawsuit and should be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

    D.    **THE REQUEST FOR ATTORNEY'S FEE'S DOES NOT CREATE AN ISSUE:**

21. In *Zytax, , Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 WL 2219179, at *7 (S.D. Tex. May 28, 2010) (J. Rosenthal), the Court dismissed the defendant, Green Plains Renewable Energy, Inc.'s ("Green Plains") declaratory judgment counterclaim seeking attorney's fees in a breach of contract case in which Green Plains was sued for failing to pay invoices. *Id*. at *8. The Court concluded that there was no need for a declaratory judgment action because Green Plains had other means of obtaining attorney's fees on its affirmative defenses, and that there were no issues of greater ramifications to be resolved than had already been presented to the court. *Id*. at *7-8.

22. The same reasoning used in *Zytax* applies to EAI's declaratory judgment counterclaim, which does no more than seek the resolution of issues that will be resolved as part of the claims in the lawsuit, or which simply restates affirmative defenses. As the defendant did in the *Zytax* case, EAI has asserted several affirmative defenses to Pajak's breach of contract claims and could seek attorney's fees through other methods. The declaratory judgment action adds nothing to the claims and defenses asserted in this case, and should be dismissed.

### E. EAI'S DECLARATORY JUDGMENT COUNTERCLAIM SHOULD BE DISMISSED:

23. This is a breach of contract lawsuit in which Pajak asserts that it performed services under the terms of the MSA, and that EAI breached the terms of that agreement when it refused to pay for services rendered. The elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Bank of Texas v. VR Elec., Inc.*, 276 S.W.3d 671, 677 (Tex.App. – Houston [1st Dist.] 2008, pet. denied); *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App. – Houston [14th Dist.] 2005, pet. denied).

24. EAI's counterclaim for declaratory judgment should be dismissed. First, EAI's declaratory judgment items are conclusory in nature and do not satisfy FED. R. CIV. P. 8(a). Second, the relief sought in the form of a declaration, including that EAI did not breach the MSA and that Pajak failed to perform (i.e., breached the MSA), are subjects of Pajak's claims.

25. EAI's counterclaim for declaratory judgment adds nothing because these issues will be decided in the breach of contract case and/or as part of EAI's affirmative defenses. This Court will necessarily consider the same evidence in deciding the merits of Pajak's breach of contract case and EAI's affirmative defenses to the action. This Court should decline to entertain EAI's declaratory judgment action, and grant Pajak's motion to dismiss the counterclaim.

### IV. CONCLUSION

Pajak Engineering Ltd. respectfully requests that the Court dismiss Ecopetrol America Inc.'s amended counterclaim for declaratory judgment that was filed in response to Plaintiff Pajak's First Amended Complaint, and grant any other relief to which Pajak is justly entitled.

Respectfully submitted,

FOWLER RODRIGUEZ, LLP

By: /s/Randall M. Foret
**Randall M. Foret – Lead Attorney**
State Bar No. 07256575 / Fed. No. 27663
E-mail: rforet@frfirm.com
Timothy W. Strickland
State Bar No. 19396298 / Fed. No. 1380
E-mail: strick@frfirm.com
Robin Foret
State Bar No. 07256580 / Fed. No. 31159
E-mail: robinforet@frfirm.com
4 Houston Center, Suite 1560
1331 Lamar
Houston, Texas 77010
Phone: (713) 654-1560/Fax: (713) 654-7930

ATTORNEYS FOR PLAINTIFF/
COUNTER-DEFENDANT
PAJAK ENGINEERING LTD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following counsel of record via electronic notice on March 25, 2015:

Everard A. Marseglia, Jr. Esq.
James T. Kittrell, Esq.
LISKOW & LEWIS
1001 Fannin, Suite 1800
Houston, Texas 77002
(713) 651-2966/(713) 651-2965
Email: emarseglia@liskow.com

ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF
ECOPETROL AMERICA INC.

By: /s/Randall M. Foret
RANDALL M. FORET